UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WALKER & ZANGER, INC., | No. C-04-1946 VRW (JCS) |
| Plaintiff(s), | |
| v. | **ORDER DENYING PLAINTIFF'S MOTION TO STRIKE DEFENDANT'S SUPPLEMENTAL EXPERT REBUTTAL REPORT [Docket No. 133] AND DEFENDANT'S MOTION FOR APPROPRIATE RELIEF [Docket No. 143]** |
| PARAGON INDUSTRIES, dba BEDROSIANS, | |
| Defendant(s). | |

On March 24, 2006, Plaintiff, Walker & Zanger, Inc. ("Plaintiff"), moved to strike Defendant Paragon Industries, Inc.'s ("Defendant") Supplemental Rebuttal Expert Report of Dr. Sandra Cogan. (the "Motion to Strike"). On April 28, 2006, Defendant filed a Motion for Appropriate Relief (the "Motion for Appropriate Relief"). Pursuant to Civil Local Rule 7-1(b), the Court finds both motions appropriate for decision without oral argument. The Court has previously vacated the June 2, 2006 hearing date in this matter.

For the reasons set forth below, both motions are DENIED.

BACKGROUND

These motions present the latest in a series of by now unsurprising disputes between the parties concerning the timing and scope of discovery and disclosures. The parties have repeatedly shown their inability to live up to the requirements of the Local Rules of this Court, the Federal Rules of Civil Procedure, and the orders of this Court. In particular, the parties have not resolved between themselves, in good faith meetings between counsel, simple matters that should be resolved between counsel. Similarly, the parties have exhibited a cavalier attitude toward their obligations to

produce information and to timely make disclosures under the Federal Rules. These motions are no exception.

The Court ordered that all discovery, both expert and non-expert, close on December 30, 2005. December 22, 2005 Order [Docket No. 67]. Initial expert disclosures were due November 18, 2005, and rebuttal expert disclosures were due December 2, 2005. Further Discovery Order dated September 26, 2005 [Docket No. 61].

Plaintiff disclosed Henry Ostberg, Ph.D., as its survey expert, along with his report and appendices on November 21, 2005.[1] Defendant, whose rebuttal expert reports were due on December 2, 2005, sought additional documentation underlying Dr. Ostberg's report by subpoena. As is typical in this case, rather than working it out with counsel, Defendant sought documents only by service of process on Dr. Ostberg. This resulted in additional delay in the production. In light of the anticipated production, the parties agreed to extend the time for disclosure of rebuttal expert reports to December 8, 2005.

Notwithstanding the December 8th deadline for disclosure of the expert witnesses to rebut Dr. Ostberg, Plaintiff produced additional documents in response to the subpoena to Dr. Ostberg on approximately December 7th or 8th, December 13th, and as late as January 13, 2006. *See* Ostberg Decl., para. 11. Accordingly, many documents were produced on the day, and substantially after the day, that the rebuttal expert reports were due.

This problem could have been resolved at that point. In light of the schedule for production of Plaintiff's expert's documents, the parties could have agreed to extend the time – for a reasonable period – for completion of rebuttal expert reports. Alternatively, if one party was dissatisfied with the schedule, it could have turned to the Court immediately for a resolution. Neither course was followed. Plaintiff did not agree to extend the deadline a reasonable period of time for Defendant to serve rebuttal expert disclosures.[2] Defendant, on the other hand, demonstrated a cavalier attitude

---

[1] The parties agreed to serve initial expert reports on November 21, 2005.

[2] Plaintiff's offer to extend this deadline **one day** to review thousands of pages produced on December 8th is not a reasonable period of time.

2

toward the deadlines ordered by this Court. Defendant chose to serve a placeholder declaration of its rebuttal expert, Dr. Cogan, on January 8th, giving only skeletal opinions. Without seeking a Court-ordered extension, Defendant later unilaterally submitted a tardy full supplemental rebuttal expert declaration on January 9, 2006.

Plaintiff took the deposition of Defendant's supplemental expert, Dr. Cogan, a few days later and asked Dr. Cogan questions about the conclusions in her supplemental expert report.

## I. MOTION TO STRIKE

The Court may, for good cause shown, extend the deadlines in scheduling orders. *See* Fed. R. Civ. P. 16(b). Similarly, a failure to comply with a scheduling order may be excused upon such a showing.

Defendant had good cause for its failure to serve timely a rebuttal expert report from Dr. Cogan. Defendant had sought documents by subpoena that Dr. Cogan believed were necessary to write her rebuttal report. Plaintiff argues that certain paragraphs of Dr. Cogan's supplemental report were based on information obtained by Dr. Cogan on or about November 21, 2005, and, therefore, should have been disclosed on December 8th. Plaintiff's position is without merit. The opinions contained in the paragraphs that Plaintiff seeks to strike are intertwined with the other parts of Dr. Cogan's opinion – including those opinions that specifically address the documents produced in December. The documents sought, which were produced on and after December 8, related to both aspects of Dr. Cogan's opinions – the part that is subject to the Motion to Strike and the remaining paragraphs. Defendant had good cause for an extension of the deadline for the entire opinion because these documents had not been produced as of December 7. While Defendant could and should have requested complete documentation in a manner that was more likely to result in production in advance of the rebuttal disclosure deadline, the fact that it chose to use a subpoena does not show a lack of diligence.

Plaintiff suffered no prejudice from the delay in its receipt of Dr. Cogan's supplemental expert report. It took Dr. Cogan's deposition after her January 9th report, and questioned her about its conclusions.

1   The parties should have resolved this dispute themselves.  Defendant should not have given
2 itself a unilateral extension to file the rebuttal expert report.  Plaintiff should have agreed to an
3 extension of the rebuttal expert report until the remaining documentation was produced.
4 Surprisingly, this agreement was not reached, and the Court is required to resolve this issue and does
5 so by DENYING the Motion to Strike.

## II.  MOTION FOR APPROPRIATE RELIEF

Cleverly styled, this Motion seeks discovery.  In particular, Defendant seeks:

1. An order compelling the immediate production of the remaining unproduced documents that were specifically subpoenaed and that Dr. Ostberg considered in forming his opinions, or an order granting Defendant leave to file a special motion to compel those documents together with a shortening of time for the briefing and hearing of the motion.

2. An order granting Defendant leave to file, after receipt of all documents and after opportunity to analyze those documents, a second supplemental report by Dr. Cogan should she determine in her own opinion that such newly reviewed documentation justifies additional supplementation.

3. An order reopening expert discovery for the limited purpose of deposing Dr. Ostberg after the remaining required documents have been produced and evaluated.

Plaintiff also seeks exclusion of Dr. Ostberg's surveys and testimony at the trial.  For the reasons set forth below, this motion is DENIED, without prejudice to any motion in limine that Defendant may file.

## BACKGROUND

Dr. Ostberg prepared his expert report, which was disclosed on November 21, 2005, along with appendices. He produced additional documents, the last of which were produced on approximately January 13th. On January 9th, Defendant's rebuttal expert, Dr. Cogan, produced her supplemental expert report. Dr. Cogan was deposed a few days later. On March 24th, Plaintiff moved to strike Dr. Cogan's supplemental expert report. The instant motion was filed on April 28, 2006.

4

DISCUSSION

Defendant violated this Court's Order requiring an in person meeting between lead trial counsel to resolve discovery issues, **and** a joint letter to the Court describing the issues left unresolved, **before** the Court would consider whether a formal motion was necessary. Discovery Order dated July 27, 2005 [Docket No. 55]. The Motion for Appropriate Relief is therefore DENIED on this ground and on the following additional grounds.

Civil Local Rule 26-2 provides that "no motions to compel discovery may be filed more than ten days after the discovery cutoff." Defendant filed the Motion for Appropriate Relief long after this deadline on April 28, 2006 – nearly four months after the close of all discovery.

No good cause for failure to comply with the Local Rule has been shown. The last production of documents upon which Dr. Ostberg relied was made on January 13, 2006 – three and one-half months before the Motion for Appropriate Relief was filed. No reason has been given as to why Plaintiff waited this extraordinary period of time, other than some claim that they relied on the good faith of their opposing counsel. However, Defendant had no indication during this intervening three and one-half months that counsel was willing to produce the additional documentation **and** agree to yet another rebuttal report from Dr. Cogan. Moreover, and more importantly, by March 24, 2006, Defendant knew that Plaintiff was seeking to strike the supplemental declaration of Defendant's rebuttal expert Dr. Cogan. By March 24, 2006, Defendant could not have reasonably believed that Plaintiff was going to produce additional documents for it to use in yet another supplemental declaration of the rebuttal expert.

Plaintiff's argument that the time limits of Rule 26-2 are not applicable because it is seeking to compel Rule 26(a)(2)(b) disclosure rather than "discovery responses" is frivolous. The Court set a deadline for expert disclosures, as well as expert discovery. If parties were permitted to argue that the failure to provide information upon which an expert relies is not subject to the deadlines of Local Rule 26-2 because it is "disclosure" rather than "discovery," the deadlines of this Local Rule would be nearly meaningless with respect to experts. In any event, the Court would be well within its discretion to decline to order this "disclosure" so long after the final expert reports have been prepared on the subject, and it does so here.

5

The application to exclude Dr. Ostberg from testifying, and to exclude his surveys, is DENIED, but without prejudice to the filing of a motion in limine. To the extent that the motion seeks to strike Dr. Ostberg's expert disclosures, it is untimely, for the reasons set forth above. To the extent that the motion is one in limine seeking to exclude certain expert testimony and other evidence, it should be raised with the trial judge. The Court notes, however, that the record before this Court does not support either the conclusion that Dr. Ostberg's disclosures violated Rule 26, or that Defendant was prejudiced.[3]

Accordingly, the Motion for Appropriate Relief is DENIED without prejudice to any motion in limine to exclude Dr. Ostberg from testifying.

IT IS SO ORDERED.

DATED:   June 6, 2006

JOSEPH C. SPERO
United States Magistrate Judge

---

[3] The Court notes that Defendant has sufficient information from Dr. Ostberg both to prepare a supplemental rebuttal expert report and to file a motion to strike Dr. Ostberg's survey evidence as inadmissible. *See* Motion to Strike [Docket No. 87].